■ INCORPORATED VILLAGE OF BROOKVILLE et al., Appellants, v JOSEPH COLBY et al., Respondents. — In an action for a permanent injunction and a declaratory judgment, plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), entered January 15, 1985, which denied their motion for a preliminary injunction.

Order affirmed, with costs.

The individual plaintiffs commenced this action in their capacities as taxpayers (General Municipal Law § 51) and as Mayors of the plaintiff villages. Plaintiffs request, *inter alia,* a judicial declaration that Resolution No. 1038-84, which was adopted by the Town Board of defendant Town of Oyster Bay, is null and void. That resolution provides for the addition of an appropriation of $20,000,000 to the town's 1985 budget, to be raised by the levy of an ad valorem property tax. Plaintiffs also seek injunctive relief designed to prevent the levy or collection of said tax.

The plaintiffs moved by way of order to show cause, returnable December 14, 1984, for an order granting a preliminary injunction. Plaintiffs' attorney averred in the moving papers that the $20,000,000 appropriation was added to the 1985 town budget on October 30, 1984, after the Town Board received notice from the Department of Environmental Conservation that it would no longer permit disposal of waste at the town landfill, thus requiring the town to provide for the transportation of the waste to other locations. Plaintiffs argued, *inter alia,* that Town Law § 64 does not authorize towns to dispose of garbage, and that "they must do so by the formation of special districts which are covered in Article 12 of the Town Law". Accordingly, plaintiffs argued that the $20,000,000 addition to the town budget is null and void.

In opposition to the motion the town's attorney argued, *inter alia,* that the town is authorized to dispose of solid waste pursuant to Town Law § 220 (5). The attorneys for the defendants also argued that the motion for a preliminary injunction should be denied on the basis of laches. Special Term denied the motion and this appeal ensued. We now affirm.

Plaintiffs' argument that the defendant town is not authorized to provide for the disposal of garbage because no such authority is conferred by Town Law § 64 is patently without merit since Town Law § 220 (5) and § 221 explicitly empower a town to provide for the collection and disposal of solid waste. Plaintiffs now argue that, pursuant to those statutes, the resolution adding $20,000,000 to the town budget for the purposes of transporting waste had to be subject to a permissive referendum. This argument was not raised before Special Term and, therefore, need not be considered at this juncture. Thus, plaintiffs failed to meet their burden of showing a likelihood of success on the merits so as to be entitled to the extraordinary remedy of a preliminary injunction. We pass on no other issue. Titone, J. P., Thompson, O'Connor and Eiber, JJ., concur.